# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| MARIA CRISTINA NAVARRO, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. SA-09-CV-603-XR |
| § | |
| JOHN E. POTTER, Postmaster General, § | |
| United States Postal Service, § | |
| § | |
| *Defendant*. § | |

## ORDER ON MOTION FOR MORE DEFINITE STATEMENT

On this day, the Court considered Defendant's Motion for a More Definite Statement (Docket Entry No. 8). Having reviewed Plaintiff's complaint and Defendant's motion, Defendant's motion is hereby GRANTED IN PART AND DENIED IN PART. Plaintiff must replead to demonstrate that this Court has jurisdiction over this matter, but is not required to provide all the information sought by Defendant.

## Background and Procedural History

Plaintiff Maria Cristina Navarro ("Navarro") filed suit against Defendant U.S. Postmaster General John E. Potter pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (Compl. ¶ 1 (July 27, 2009) [Docket Entry No. 1].) She alleges that she has a "lifting limitation due to surgery on her spine" and that Defendant has "ignored" her request for accommodations or "assigned her to duties that do not accommodate her condition." (*Id.* ¶ 4.) She states that Defendant's actions have constituted "malicious acts of retaliation that have caused Plaintiff emotional distress and anxiety" and that she has been "deprived of several opportunities for promotion to management positions in retaliation for her claims for accommodation for disability."

(*Id.*)

Plaintiff served Defendant on August 10, 2009, requiring the Defendant to answer or plead in response on October 9, 2009. Defendant filed a motion for more definite statement arguing that Defendant is unable to determine

> a) when the alleged discrimination occurred; b) which supervisors alleged discriminated against Plaintiff; c) in what manner Plaintiff's job assignment(s) did not accommodate her alleged disability; d) when and in what manner Plaintiff requested accommodation; e) whether Plaintiff has exhausted her administrative remedies . . .; f) which customer contact jobs were allegedly denied to Plaintiff and when these jobs were denied; g) whether Plaintiff is also alleging a claim for retaliation; and[] h) which "opportunities for promotion to management" were allegedly denied.

(Def.'s Mot. for More Definite Statement ¶ 3 (Oct. 7, 2009) [Docket Entry No. 8] ("Mot.").) Defendant requests that the Court grant its motion for a more definite statement and require Plaintiff to file and amended complaint within ten days that provides:

> a) the identifying number(s) of the administrative complaint(s) which underlie the Complaint; b) an explanation of whether Plaintiff exhausted her administrative remedies, providing dates on which she contacted an EEO Counselor and received a Final Agency Decision, E.E.O.C. Determination or other document allowing her to proceed in federal district court; c) providing a copy of the Final Agency Decision, E.E.O.C. Determination or other document allowing her to proceed in federal district court; d) the specific dates on which Plaintiff was discriminated against and the manner in which Defendant allegedly discriminated against her; e) when and in what manner Plaintiff allegedly requested accommodation; f) the names of all supervisors or other employees of the United States Postal Service who allegedly discriminated against Plaintiff and the manner in which they allegedly discriminated against her; g) the specific job assignments or duties which allegedly did not accommodate Plaintiff's handicap(s) and how these job assignments or job duties were deficient; h) the specific customer contact jobs Plaintiff was allegedly denied, and the dates such jobs were denied; i) when and how Plaintiff was allegedly "deprived of several opportunities for promotion to management;" and, j) a specific explanation of how Plaintiff allegedly "lost several opportunities for increases in compensation over the past several years," and the amount of compensation allegedly lost.

(*Id.* at 4–5.)

**Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a pleading that state a claim for relief contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8(a). Rule 12(e) provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). A plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Courts generally disfavor granting motions for a more definite statement. *Benavides v. Laredo Med. Ctr.*, No. L-08-105, 2009 WL 1755004, at *8 (S.D. Tex. June 18, 2009) (citing *Wesley v. Dallas Indep. Sch. Dist.*, 2009 WL 193786, Civ. No. 3:08-2025, at *3 (N.D.Tex. Jan. 27, 2009)). However, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a defendant can move for a more definite statement. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). To determine whether a rule 12(e) motion should be granted, the Court should assess wither the complaint is one to which the defendant could reasonably prepare a responsive pleading. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).

**Analysis**

Here, Navarro makes a claim for discrimination based upon disability and the failure of her employer to accommodate that disability pursuant to 42 U.S.C. § 12101. Under Fifth Circuit jurisprudence, "[t]o prevail on an ADA claim, a plaintiff must prove that (1) he has a 'disability'; (2) he is 'qualified' for the job; and (3) an adverse employment decision was made solely because

3

of his disability." *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1092 (5th Cir. 1997). In her brief statement of facts, she indicates that she is disabled "due to surgery on her spine" and that she has been denied employment opportunities as a result of her disability. Plaintiff references "disability claims before the U.S. Equal [Employment] Opportunity Commission, the one most recently dismissed May 27, 2009" and continuous denial of job assignments. (Compl. ¶ 4.) Even if vague, the Court, however, takes note that Defendant recognizes the claim that Plaintiff alleges. In its motion for a more definite statement, Defendant states:

> The Complaint improperly relies upon the Americans With Disabilities Act. As a federal employee, Plaintiff's only remedy for disability (or handicap) discrimination is the Rehabilitation Act of 1973. The Complaint also improperly requests the relief of punitive damages, which cannot be recovered from a federal government agency.

(Mot. at 1 n.1.) This statement undermines Defendant's argument that he cannot ascertain Plaintiff's claim. "An appreciation of the relationship between the Rule 12(e) and the Rule 12(b)(6) motions is critical to understanding [the Rule 12(e)] standard and the proper office of the motion for a more definite statement. If the movant believes the opponent's pleading does not state a claim for relief, the proper course is a motion under Rule 12(b)(6) even if the pleading is vague or ambiguous." 5C WRIGHT, MILLER & KANE, FED. PRAC. & PROC. Civil 3d § 1376.

The Court does note, however, that its jurisdiction in this matter is unclear. Plaintiff has not asserted that Defendant, a federal employee, has exhausted her administrative remedies. Courts do not have jurisdiction to consider claims brought under the ADA as to which an aggrieved party has not first exhausted her administrative remedies by filing a charge with the EEOC. *See Esquivel v. County of El Paso*, 189 F.3d 468 (5th Cir. 1999). Plaintiff does not make this assertion in her complaint. Such an assertion is required before this Court acquires jurisdiction over the matter. *See*

4

*Buerger v. Sw. Bell Tel. Co.*, 982 F. Supp. 1247, 1253 (E.D. Tex. 1997) (granting motion for more definite statement requiring plaintiff to replead claims with a basis for the court's jurisdiction). As a result, it is necessary for Plaintiff to replead her claims, asserting that plaintiff has exhausted her administrative remedies giving this Court jurisdiction on this matter.

**Conclusion**

For the aforementioned reasons, Defendant's motion for a more definite statement is GRANTED IN PART AND DENIED IN PART. IT IS THEREFORE ORDERED that, pursuant to rule 12(e), Plaintiff shall, within ten days, file with the Court and serve on Defendant's counsel an Amended Complaint that contains an assertion or claim to show that this Court has jurisdiction over this matter.

It is so ORDERED.

SIGNED this 27th day of October, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE